UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZARCONIA SHELTON,

        Plaintiff,

v.

        Case No.: 22-11629
        Honorable Gershwin A. Drain

LVNV FUNDING LLC, *et al*.,

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [#16], CANCELLING JANUARY 30, 2023 HEARING AND DISMISSING ACTION

### I.  INTRODUCTION

Plaintiff, proceeding pro se, filed the instant action against Defendants, LVNV Funding, LLC, a debt collection agency, and Stenger & Stenger P.C., the law firm hired by LVNV Funding to file a collection action against Plaintiff in state court.  Presently before the Court is the Defendants' Motion for Judgment on the Pleadings, filed on November 9, 2022.  Plaintiff filed her Response on November 10, 2022, and Defendants filed their Reply on November 16, 2022.

A review of the parties' filings reveals that oral argument will not aid in the disposition of Defendants' motion.  Accordingly, the Court will resolve Defendants' motion on the briefs and cancels the January 30, 2023 hearing.  *See*

E.D. Mich. L.R. 7.1(f)(2). Because Plaintiff fails to allege an actionable claim under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*., the Court will grant the Defendants' Motion for Judgment on the Pleadings.

## II. FACTUAL BACKGROUND

Plaintiff's allegations are not a model of clarity. From a review of the Complaint and the exhibits attached thereto, it appears Plaintiff opened a credit card account with Fingerhut in August of 2015. Compl., Ex. 6, ECF No. 1, PageID.19. Plaintiff's last payment of $29.98 was received on April 26, 2019. *Id*. The account charged off on November 22, 2019 with a balance of $670.79. *Id*. Defendant is the current owner of the account. *Id*.

Plaintiff alleges that in January of 2020 and June of 2021, Defendant's representatives contacted her by email more than one hundred times. *Id*., PageID.2. She claims the emails used obscene and propone [sic] language and threatened to take legal action. *Id*. She asserts the emails represented Defendant as the current owner of the account and this is "misleading and false." *Id*.

In August of 2021, Defendant LVNV Funding filed a collection action against Plaintiff in the 37th District Court, Warren Division, in Macomb County, Michigan. On or about December 10, 2021, Plaintiff sent Defendant LVNV Funding a cease-and-desist letter. *Id*. On January 31, 2022, Plaintiff sent a letter to Defendant LVNV Funding attempting to "cure and Notice of Default . . . along

2

with an Invoice for violations under the FDCPA and a Conditional Acceptance Letter." *Id.*, PageID.3.

When Plaintiff received no response from Defendant LVNV Funding, she sent multiple complaints to the Consumer Protection Bureau. *Id.* Defendant LVNV Funding responded to her complaints by written letter on April 25, 2022 and June 23, 2022 explaining that it had ceased collection efforts and was in the process of dismissing the lawsuit against Plaintiff, which had never been served. *Id.*, PageID.26. Defendant further advised that it sent verification of the debt to Plaintiff on February 23, 2022. *Id.*

Plaintiff alleges she learned about the lawsuit through the Consumer Protection Bureau. She called the 37th District Court and a clerk informed her that the summons had not been served. *Id.* Plaintiff then contacted the Stenger & Stenger law firm concerning the lawsuit in state court. *Id.* Plaintiff complains that Defendant LVNV Funding continues to "communicate with Plaintiff through her credit report." *Id.*, PageID.3. She does not allege that Defendants have taken any further action to collect on her overdue account since she sent her cease-and-desist letters in December of 2021 and January of 2022. *Id.*, PageID.3-5.

### III. LAW & ANALYSIS

#### A. **Standard of Review**

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is reviewed under the same standard as a motion brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Grindstaff v. Green*, 133 F. 3d 416, 421 (6th Cir. 1998). Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id*. at 1950.

In ruling on a motion under Rule 12(c), the court may look only at the "pleadings." *Doe v. Belmont Univ.*, 334 F. Supp.3d 877, 887 (M.D. Tenn. 2018). The term "pleadings" includes both the complaint and the answer, Fed. R. Civ. P. 7(a), and "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all pleadings that are integral to the claims, and documents that are not mentioned specifically but which govern the plaintiff's rights and are necessarily incorporated by reference." *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F. Supp.3d 582, 589 (E.D. Mich. 2018)(cleaned up).

B. **Defendants' Motion for Judgment on the Pleadings**

1. **Statute of Limitations**

Defendants argue Plaintiff's FDCPA claim fails because she does not allege any actionable communications within the applicable 1-year statute of limitations. *See* 15 U.S.C. § 1692k(d) ("An action to enforce . . . this subchapter may be brought . . . within one year from the date on which the violation occurs.").

In her Complaint, Plaintiff alleges hundreds of emails were sent to her in 2020 and June 2021, yet she did not file the Complaint until July 18, 2022. Defendants argue this renders her claim time barred. The Court agrees that to the extent Plaintiff relies on emails sent in 2020 and 2021, her claim would be barred by the applicable statute of limitations. *Id.* However, even if Plaintiff had timely filed this action, she fails to allege any actionable statements that are false,

deceptive, or misleading with respect to the emails sent by Defendant LVNV Funding.

### 2. Failure to State a Claim

If Plaintiff's claim fell within the applicable statute of limitations, Defendants argue she fails to state a claim under the FDCPA because she alleges mere innocuous actions on the part of Defendants.

- Signing for Plaintiff's cease and desist letters (ECF No. 1, PageID.2-3),
- Filing a collection action (*Id.*, PageID.3-4),
- Reporting to credit agencies that the account is "disputed" (*Id.*, PageID.5).

Here, Plaintiff cannot create a cause of action under the FDCPA by sending correspondence to Defendant LVNV Funding or by filing complaints with government agencies such as the Consumer Protection Bureau. Her Complaint does not identify any false statements. Actionable statements under the FDCPA must not only be "false, deceptive, or misleading, but must also be "in connection with the collection of a debt. *See* 15 U.S.C. § 1692e*; see also Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011). The "animating purpose of the communication must be to induce payment by the debtor.*" Id.* at 173.

Here, LVNV Funding properly marked Plaintiff's account as disputed, therefore the alleged communications to the credit reporting agencies were not "false, deceptive or misleading" because Plaintiff disputes the account. Nor are the

6

communications to the reporting agencies made with the "animating purpose . . . to induce payment by the debtor." *Id.*

Finally, none of Plaintiff's allegations against the Stenger & Stenger law firm amount to an actionable claim under the FDCPA. To the extent she attempts to assert that the firm failed to validate the debt prior to filing a lawsuit, Rule 12(c) dismissal against the firm is also appropriate pursuant to well-settled Sixth Circuit authority. *See Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330-31 (6th Cir. 2006) ("[T]he filing of a debt-collection lawsuit without the immediate means of proving the debt does not have the natural consequence of harassing, abusing, or oppressing a debtor"); *see also Lipa v. Asset Acceptance, LLC*, 572 F. Supp.2d 841, 850 (E.D. Mich. 2008).

In light of the foregoing considerations, Plaintiff's Complaint fails to state a claim under the FDCPA and Defendants are entitled to judgment in their favor.

### IV. CONCLUSION

Accordingly, for the reasons articulated above, Defendants' Motion for Judgment on the Pleadings [#16] is GRANTED. This cause of action is dismissed.

SO ORDERED.

Dated: January 20, 2023        /s/Gershwin A. Drain
                               GERSHWIN A. DRAIN
                               United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 20, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager